EDWARD A. KEMMLER MEMORIAL FOUNDATION, APPELLANT, *v.* 691/733 EAST DUBLIN-GRANVILLE ROAD COMPANY; MITCHELL ET AL., APPELLEES.

[Cite as *Edward A. Kemmler Memorial Found. v. 691/733 East Dublin-Granville Road Co.* (1992), 62 Ohio St.3d 494.]

(No. 90–2011—Submitted November 13, 1991—Decided February 12, 1992.)

*Johrendt, Cook & Eberhart Co., L.P.A., Michael J. Johrendt* and *Joan D. Veri,* for appellant.

*Tom Moody,* for appellee William D. Mitchell.

---

HERBERT R. BROWN, J. We must determine whether, as between immediate parties to a promissory note, the agency relationship between a party executing the note and another alleged to be his partner can be established by other documents executed as a part of the same transaction. Specifically in this case, can the mortgage and other documents executed as part of closing on the building at 733 East Dublin–Granville Road be admitted to prove an agency relationship between Mitchell and Davis? The resolution of this case involves analysis of partnership and agency law, as well as contract law and the Uniform Commercial Code as adopted in Ohio. For the reasons which follow, we find that the mortgage and other documents are admissible, and that the partnership and Dr. Mitchell are liable for the debt on the note.

Our analysis begins with an examination of two sections of the Revised Code as pertinent to the inquiry in this case. R.C. 1775.08(A) defines the agency relationships of partners within a partnership:

"Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."

The liability of partners in this case is set out in former R.C. 1775.14:

"Subject to section 1339.65 of the Revised Code [relating to fiduciaries], all partners are liable as follows:

"(A) Jointly and severally for everything chargeable to the partnership under sections 1775.12 and 1775.13 of the Revised Code.

"(B) Jointly for all other debts and obligations of the partnership, but any partner may enter into a separate obligation to perform a partnership contract."[1] 140 Ohio Laws, Part II, 2850, 2854.

These two statutes must be construed together in order to determine the partnership liability and Dr. Mitchell's potential liability as a partner. A

---

1. R.C. 1775.12 sets out the liability of a partnership for the wrongful act of a partner acting in the ordinary course of the business of the partnership. R.C. 1775.13(A) sets out the liability of a partnership for the breach of trust of a partner acting within the scope of his apparent authority. These acts of one partner render the other partners jointly and severally liable under R.C. 1775.14(A). Ordinary business debts of the partnership therefore fall under R.C. 1775.14(B).

promissory note falls under R.C. 1775.14(B), which renders a partner "[j]ointly [liable] for all other debts and obligations * * *." Therefore, if the partnership in this case is held liable for the note, Dr. Mitchell would be jointly liable.

However, under R.C. 1775.14(B), a partner may also enter into a "separate obligation to perform a partnership contract." The act of signing the promissory note could be seen as Davis's assumption of a separate obligation to perform a partnership contract. Mitchell and Davis may well have intended that it be a separate obligation given the terms of the agreement between them. Moreover, under R.C. 1775.08(A), the act of a partner will generally not bind the partnership if he in fact has no authority to act in the particular matter. Davis arguably had no authority to act on behalf of the partnership in signing the note, because of his agreement with Dr. Mitchell.

However, R.C. 1775.08(A) goes on to provide that the act of a partner without authority will still bind the partnership unless the person with whom the partner is dealing has knowledge of the fact that the partner had no authority to act. Absent such knowledge, the "execution in the partnership name" of any instrument used for business purposes would bind the partnership. Thus, if a promissory note is executed in the name of the partnership, the partnership is bound, unless a contradictory agreement between the partners is known to the parties with whom they are dealing. The trial court found that the foundation had no knowledge of the agreement between Davis and Mitchell regarding Mitchell's liability for the note.

Our analysis does not end there, however, because it is not clear that the instrument in question was executed "in the partnership name." As the court of appeals recognized, certain provisions of Article 3 of the Uniform Commercial Code must be considered.

R.C. 1303.37 (UCC 3–401) is the section pertaining to liability on an instrument and signature:

"(A) No person is liable on an instrument unless his signature appears thereon.

"(B) A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature."

R.C. 1303.39 (UCC 3–403) pertains to signatures by agents and other representatives, and provides in pertinent part:

"(A) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

"(B) An authorized representative who signs his own name to an instrument:

"(1) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

"(2) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

The court of appeals, in applying these sections to the instant case, concluded that the note was not executed in the partnership name. The court held that "Davis executed the promissory note to plaintiff in his own name with the mere addition of the typed word 'partner.' Davis signed the note on the bottom, left side of the last page. No other signature appears on the note. * * * *"

" * * * Davis signed his own name to an instrument and is personally obligated because the instrument does not name the person represented, but does show that the representative signed in a representative capacity."

Appellant foundation argues that even though it may be unclear from the face of the note that Davis was acting in a representative capacity, parol evidence proves that Davis signed as an agent for the partnership. Specifically, appellant contends that the mortgage and other documents that were executed at the same time as the note clearly identify the partnership and confirm Davis's agency on behalf of the partnership.

Official Comment 3 to R.C. 1303.39 explains that in a case where the signature reads "Arthur Adams, Agent," parol evidence is admissible in litigation between the immediate parties to prove signature by the agent in his representative capacity. The signature in this case, "Cliff W. Davis, Partner," is in the same general form and indicates the same general relationship as "Arthur Adams, Agent." Thus, R.C. 1303.39 would permit parol evidence to prove Davis's agency.

But parol evidence as such is not necessary in this case. UCC 3–119 indicates the effect of other writings on an instrument. R.C. 1303.18 (UCC 3–119) provides:

"(A) As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction, except that a holder in due course is not affected by any limitation of his rights arising out of the

separate written agreement if he had no notice of the limitation when he took the instrument.

"(B) A separate agreement does not affect the negotiability of an instrument."

Official Comment 1 to R.C. 1303.18 states:

" * * * The separate writing is most commonly an agreement creating or providing for a security interest such as a mortgage, chattel mortgage, conditional sale or pledge. * * * "

Official Comment 3 states that:

"The section applies to negotiable instruments the ordinary rule that writings executed as a part of the same transaction are to be read together as a single agreement. As between the immediate parties a negotiable instrument is merely a contract, and is no exception to the principle that the courts will look to the entire contract in writing. * * * "

Accordingly, under R.C. 1303.18, the terms of a promissory note or other negotiable instrument, as between the immediate parties to the instrument, may be modified or affected by another writing executed as part of the same transaction. This follows from the general contract principle in Ohio law that writings executed as part of the same transaction should be read together. See *Center Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 314, 31 OBR 587, 590, 511 N.E.2d 106, 109; *White v. Brocaw* (1863), 14 Ohio St. 339, paragraph three of the syllabus; and *Thayer v. Luce* (1871), 22 Ohio St. 62, paragraphs one and two of the syllabus.

Since the syllabus law we announce comes in response to an issue of first impression for this court and since it is desirable to conform our interpretations of the Uniform Commercial Code to those of our sister states, we have considered the authorities from other states more fully than is customary. A number of courts in other jurisdictions have recognized both the general contract principle and the UCC 3–119 codification of the principle. For example, in *Nowak v. Burke Energy Corp.* (1988), 227 Neb. 463, 418 N.W.2d 236, the defendant paid the principal on an installment loan, but not the interest. Defendant argued that because the note itself did not provide for interest, defendant was relieved from making further payments. In holding for the plaintiff, the court looked to both the note and an agreement executed at the same time that did provide for interest. See, also, *Magnuson v. Schaider* (1989), 183 Ill.App.3d 344, 364, 131 Ill.Dec. 753, 766, 538 N.E.2d 1309, 1322 (four documents that made up purchase of tavern read together as one contract, citing UCC 3–119); *Knut. Co. v. Knutson Constr. Co.* (Minn. App.1988), 433 N.W.2d 149, 151 (citing UCC 3–119 and holding that "[g]eneral

contract law requires us to construe a contract as a whole. \* \* \* A contract and several writings relating to the same transaction must be construed with reference to each other. \* \* \* This is true even if the documents do not refer to each other." [Citations omitted.]); *Meisler v. Republic of Texas Sav. Assn.* (Tex.App.1988), 758 S.W.2d 878, 884 (when one or more contract instruments are promissory notes, instruments will be read together whether or not they expressly refer to one another); *Jenkins v. Thyer* (Mo.App.1988), 760 S.W.2d 932, 935–936 (citing UCC 3–119: "Where the parties to a note contemporaneously execute another written contract, such as a deed of trust, which is connected with the note by direct reference or by necessary implication, the two instruments should be considered together as the entire contract"); *Harmon v. Bank of Danville* (App.1985), 287 S.C. 449, 453, 339 S.E.2d 150, 153 ("[w]here a mortgage seeks to incorporate by reference a note, both instruments are ordinarily construed together"); *Northwestern Fed. S. & L. Assn. of Fargo v. Ternes* (N.D.1982), 315 N.W.2d 296, 302 (promissory note and mortgage given as security on the note construed together and conditions of the mortgage held to relate to entire transaction); *Comer v. Hargrave* (1979), 93 N.M. 170, 171, 598 P.2d 213, 214 ("when a note and mortgage are made at the same time and in relation to the same subject as parts of one transaction, they will be construed together as if they were parts of the same instrument"); *Armstrong v. Colletti* (App.1979), 88 Wis.2d 148, 276 N.W.2d 364 (contract and two notes executed together and therefore construed together); *A.G. King Tree Surgeons v. Deeb* (1976), 140 N.J.Super. 346, 356 A.2d 87 (check tendered as full payment of a disputed debt read together with payor's attorney's letter of transmittal to constitute an offer to settle dispute).

In addition, the principle embodied in R.C. 1303.18 has considerable support from UCC commentators. For example: "A contract and a promissory note executed at the same time are to be construed together. \* \* \*

" \* \* \* 'When a note and mortgage are made at the same time and in relation to the same subject as parts of one transaction, they will be construed together as if they were parts of the same instrument. \* \* \* ' " 5 Anderson, Uniform Commercial Code (3 Ed.1984) 368–369, Section 3–119:6 (quoting *Comer v. Hargrave, supra,* 93 N.M. at 171, 598 P.2d at 214).

In the case before us, the partnership and the foundation are, respectively, the "obligor and his immediate obligee" for purposes of R.C. 1303.18(A). Thus, the terms of the instrument may be modified or affected by other writings executed as part of the same transaction. The general warranty deed, mortgage, and statement of settlement were all executed and delivered as a part of the same transaction. Each specifically names the partnership.

The mortgage specifically refers to the promissory note, and the note states that it is secured by a mortgage. The mortgage is executed in the name of the partnership by both Davis and Mitchell. Thus, it is apparent that the note was executed in a manner sufficient to bind the partnership.

For the reasons set forth above, the decision of the court of appeals is reversed, and the cause is remanded for further proceedings in conformity with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.