OPINION
Appellant William J. Ross ("Ross") is appealing the decision of the Stark County Court of Common Pleas interpreting a contract entered into between Ross and Appellee W.L. Holder Construction Co. ("Holder Construction") and Lon Swinehart ("Swinehart"). Appellant also challenges, on appeal, the trial court's decision overruling his motion for new trial. The facts giving rise to this appeal are as follows.
Appellant Ross was legal counsel for Swinehart and several of Swinehart's businesses, including Appellee Holder Construction. Appellant Ross was also legal counsel for Belden Park. Belden Park's sole partners were Mildred Searls and Bexco Development Co. ("Bexco"). Belden Park was the partnership that owned the Project and Bexco Development was the managing general partner of Belden Park. Bexco's authorized, issued and outstanding stock is held equally by Appellant Ross and Appellee Holder Construction. In 1988, Appellant Ross asked Swinehart to get involved in the construction project. Appellant Ross and Appellee Swinehart negotiated an agreement, which is now at issue.
As a result of this dispute over the negotiated agreement, on October 14, 1994, Appellant Ross filed a verified complaint for corporate dissolution, accounting, declaratory relief and money judgment against Belden Park, Appellee Holder Construction and Lon Swinehart. Bexco was named as a nominal party plaintiff only. Originally, Bexco's other partner in Belden Park, Mildred Searls, was also a plaintiff in this action. However, on October 16, 1995, the trial court approved an order confirming a settlement reached between Mildred Searls, Appellee Holder Construction and Swinehart.
After this settlement, the parties agreed to proceed to a bench trial on a portion of this case involving declaratory judgment relief. The issues bifurcated for trial were the relationship between Belden Park and Appellee Holder Construction and Belden Park's participation in net profits derived from the Belden Park Condominium Project.
The bench trial commenced in January of 1996. On May 7, 1996, the trial court issued its judgment entry finding the agreement entered between Appellee Holder Construction and Belden Park provided that Belden Park would develop lots only and that Appellee Holder would buy those lots and build on them. Therefore, Belden Park was restricted to the role of "land developer" and only entitled to participate in the net profits derived from the development and sale of its land to Appellee Holder Construction.
On May 21, 1996, Appellant Ross filed a motion for new trial. The trial court conducted a hearing on appellant's motion on August 7, 1996. On December 2, 1996, the trial court overruled appellant's motion. Appellant timely filed his notice of appeal on December 31, 1996, and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ITS JUDGMENT DECLARING A CONTRACT ENFORCEABLE WITHOUT DETERMINING AND DECLARING ITS TERMS AND CONDITIONS OR FINDING ALL NECESSARY CONDITIONS SATISFIED, TO APPELLANT'S PREJUDICE.
 II. THE TRIAL COURT JUDGMENT DECLARING APPELLEE THE SOLE CONDOMINIUM DEVELOPER OF BELDEN PARK COMPANY BY MEANS OF AN ENFORCEABLE, EXCLUSIVE CONTRACT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE RESULTING IN THE PREJUDICE OF APPELLANT AND BELDEN PARK COMPANY REPRESENTED THEREBY.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR NEW TRIAL, TO APPELLANT'S PREJUDICE.
 I
In his first assignment of error, appellant contends the trial court erred in finding the contract enforceable without determining and declaring its terms and conditions or finding all necessary conditions satisfied. We disagree.
Appellant sets forth four arguments, for the Court to consider, in his first assignment of error. First, appellant argues the trial court did not explain in its judgment entry the terms and conditions of the contract between Belden Park and Appellee Holder Construction, even though the trial court found the contract to be enforceable. Appellant maintains that as a declaratory judgment action, pursuant to R.C. 2721.07, a trial court is required to render a judgment that terminates the controversy giving rise to the proceedings. Appellant submits that the trial court's decision, in the case sub judice, fails to adequately terminate the controversy.
In analyzing appellant's argument, we begin by noting that the trial court's judgment entry of May 7, 1996, states: "Upon consideration of the issues submitted and the evidence adduced from a preponderance of the evidence, the Court makes the following findings of fact and conclusions of law:" Judgment Entry, May 7, 1996. The trial court clearly intended its judgment entry to contain findings of fact and conclusions of law. Further, if appellant believed the trial court's judgment entry of May 7, 1996, did not contain findings of fact or conclusions of law, appellant could have utilized Civ.R. 52.
Civ.R. 52 provides, in pertinent part:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * *.
There is no indication, in the record, that Appellant Ross requested the trial court to make findings of fact and conclusions of law pursuant to Civ.R. 52. Further, we find the trial court's judgment entry of May 7, 1996, did determine the only two issues submitted to the court for trial. The trial court determined that Belden Park was engaged only in the business of developing the lots after Appellee Holder Construction purchased its interest in Bexco. Judgment Entry, May 7, 1996, at 7. The trial court also determined that Belden Park was not entitled to share in any of the profits from the construction and sale of condominiums built on the land developed by Belden Park. Judgment Entry, May 7, 1996, at 7.
Although this clearly does not address all the potential issues in this case, it does address those issues the parties agreed to submit to the trial court at the bench trial of this matter. Further, on appeal, appellant admits that the scope of the bench trial was perhaps best framed by Appellee Holder Construction and co-defendant Swinehart in their trial brief:
 All that is at issue is the enforceability of an agreement reached between Holder Construction and Belden Park concerning their respective rights and obligations for the development of Belden's property and the construction and sale of condominiums on that property. Trial Brief of Holder Construction and Swinehart, Jan. 4, 1996, at 2.
The trial court addressed the above issues when it determined that Belden Park was only involved in the development of lots and therefore, was not entitled to share in any of the profits from the construction and sale of condominiums built on the land developed by Belden Park. In the case of Finn v. Krumrov Constr.Co. (1990), 68 Ohio App.3d 480, the court addressed a similar issue and stated:
 The failure of the trial court to make findings of fact and conclusions of law as to every issue presented constitutes harmless error when the record, taken as a whole, along with the court's order provides an adequate basis to dispose of all the claims presented. [Citations omitted.] In expressly resolving the parties' contractual relationship, the trial court implicitly negated appellant's claims of fraud and deceptive sales practices and, thus, substantially complied with the requirements of Civ.R. 52. Id. at 487.
Appellant Ross next argues, under his first assignment of error, that the record does not support the trial court's conclusion that the contract between Belden Park and Appellee Holder Construction is enforceable. In support of this argument, appellant claims essential elements needed to create a binding contract are missing. Specifically, appellant asserts the element of "price" was not agreed to by the parties. We agree with appellant that "price" is an essential element of a contract that must be proven for the contract to be enforceable. In support of this argument, appellant refers to a letter written by Lon Swinehart to Appellant Ross and introduced as exhibit 14 at the trial. This letter stated, in pertinent part:
 If we cannot reach reasonable pricing, then I have no other alternative but to get several appraisers, selected by a third-party, to appraise the Phase III lots at fare (sic) value.
A review of the record indicates that in February of 1990, there was an agreement as to price. Appellant Ross testified to this agreement at the bench trial.
 Q. You are admitting as you sit here today that the price structure that was in effect in February of 1990 is as reflected on the last page of Exhibit A15a?
A. As it relates to —
Q. Am I hearing you correctly?
 A. You are hearing me correctly that at that point in February 1990 we had completed the first part, the $11,000 program and he and I met as I said before and this was during the time period that those discussions were taking place and I had agreed to establish to $12,000, adjust the price for $12,000 at that point in time. Then we limited that after this I think in the spring of 1990 we limited that as he so acknowledged to a certain number of units. I believe it turned out to be eight units. Tr. at 604-605.
Appellant Ross' testimony establishes that this is not a situation where the parties never reached an agreement concerning the essential element of price. Instead, the parties were merely unable to later agree on the element of price as it concerned Phase III of the project. Therefore, since the element of price was originally agreed to by the parties, with the dispute concerning the price for the lots arising only after completion of Phases I and II, we find this element was present and the trial court did not err in finding an enforceable contractual relationship between Belden Park and Appellee Holder Construction.
Third, Appellant Ross contends, in support of his first assignment of error, that there was a failure of a condition precedent in that Belden Park strictly required Appellee Holder Construction to obtain its own financing for the construction of condominiums. Appellant contends Appellee Holder Construction violated this condition precedent because when Appellee Holder Construction obtained financing, beginning in October of 1989, the maker of the promissory note was Belden Park. Lon Swinehart and William Holder signed personally on the note, however, Appellee Holder Construction was not a signatory to the loan. This arrangement continued in numerous other financial transactions.
The trial court noted in its judgment entry that the manner in which the construction of condominium units was financed, using the name of Belden Park, was "improper". Judgment Entry, May 7, 1996, at 6. We agree with the trial court that this was improper, however, the issue is now moot due to the fact that every loan was paid, in full, by Appellee Holder Construction. Appellant suffered no harm as a result of appellee's conduct.
Finally, appellant maintains, under the first assignment of error, that the alleged contractual agreement between Belden Park and Appellee Holder Construction violated the statute of frauds because it was not in writing. The statute of frauds only requires written documentation that identifies the subject matter; establishes a contract has been made; and states the essential terms. North Coast Cookies, Inc. v. Sweet Temptations, Inc.
(1984), 16 Ohio App.3d 342, 348. Further, writings, though made at different times, may be construed together, for the purpose of ascertaining the terms of a contract. Edward A. Kemmler MemorialFund. v. 691/733 East Dublin-Granville Road Co. (1992), 62 Ohio St.3d 494,499. [Citations Omitted.]
We find appellant's own exhibits establish the existence of an agreement and document the essential terms of the agreement Appellant Ross made with Appellee Holder Construction. Specifically, these documents establish that an agreement existed to sell developed lots, identified the lots involved and determined the fee to be charged, although disputed in later phases of the project.
We also find Appellee Holder Construction's full performance of the contract takes this matter outside the statute of frauds because even part performance of a contract involving the sale of real estate is sufficient to remove it from the statute of frauds.Shimko v. Marks (1993), 91 Ohio App.3d 458, 461, citing Delfino v.Paul Davies Chevrolet, Inc. (1965), 20 Ohio St.2d 282. Based upon the above, we find the trial court did not err when it found the contract enforceable.
Appellant's first assignment of error is overruled.
 II
Appellant Ross contends, in his second assignment of error, that the trial court's judgment declaring Appellee Holder Construction sole condominium developer is against the manifest weight of the evidence. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281.
Much of appellant's second assignment of error focuses on the financing issue raised in appellant's first assignment of error. Appellant contends the manner in which these transactions were financed establishes that Belden Park was not merely limited to the development of the lots only. As we noted in appellant's first assignment of error, the method of financing by Appellee Holder Construction was improper. However, appellant suffered no harm. We also found evidence to support the trial court's conclusion that a contract existed between the parties and that Belden Park was limited to the role of land developer.
Appellant also contends that under the trial court's judgment entry it remains impossible to determine Belden Park's profit because the terms of the agreement were undetermined by the trial court. We agree these issues remain undefined but that is because the parties only presented two limited issues, to the trial court, at the bench trial of this matter. These undefined issues will have to be addressed in a subsequent trial since the trial court only determined that a contract exists between the parties and that Belden Park is limited to the role of land developer.
We find the trial court's judgment is supported by competent, credible evidence and is not against the manifest weight of the evidence.
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant maintains the trial court abused its discretion when it denied his motion for new trial. We disagree.
Appellant sought a new trial pursuant to Civ.R. 59(A)(6) on the basis that the trial court's judgment is not supported by the weight of the evidence. In the case of Rhode v. Farmer (1970),23 Ohio St.2d 82, the Ohio Supreme Court set forth the standard of review with regard to a trial court's judgment granting a new trial. Rhode provides as follows:
 Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court. Id. at paragraph one of the syllabus.
An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Although we addressed a manifest weight argument in his second assignment of error, appellant raises a new issue in support of his manifest weight argument in his third assignment of error.
Appellant argues the trial court should not have restricted its decision to only specific issues without determining the enforceability of the contract between Belden Park and Appellee Holder Construction. We disagree on the basis that the parties entered into a limited stipulation and waiver with the trial court on November 13, 1995. This stipulation provided:
 Defendants Holder Construction ("Holder") and Lon Swinehart ("Swinehart") hereby stipulate that the following issues may be tried to the Court without a jury:
 * Whether the Belden Park Partnership was engaged in the development of lots only or the development of lots and condominiums after Holder Construction purchased its interest in Bexco Development.
 * Whether Bexco Development and/or Mildred Searls are entitled to share in any of the profits from the construction and sale of condominiums built on the land developed by Belden Park.
 These issues may be tried to the Court without the aid of a jury, and Holder and Swinehart waive their right to a jury trial on these issues only.
 Nothing in this Stipulation is or is intended to be a waiver of the parties' rights to have any other issues in this matter tried to a jury.
Clearly, pursuant to the above stipulation, Appellant Ross agreed that the trial court would limit the bench trial to the above two issues. He cannot now complain that the trial court should have considered other issues. The trial court did not abuse its discretion when it overruled appellant's motion for new trial.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Reader, P. J., and Hoffman, V. J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.