DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Buckeye Consolidated II, appeals from the decision of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellee, AG Credit, ACA, and entered judgment in favor of Appellee. We affirm.
 {¶ 2} On December 12, 2002, Appellee filed a complaint against Appellant and Thomas O. Bishop ("Thomas"). Appellee alleged that Appellant and Thomas had defaulted on a promissory note, which had been signed by Thomas in his individual capacity and as partner for Buckeye Consolidated II. Appellant filed an answer denying liability on the note.
 {¶ 3} Thereafter, Appellee filed a motion for summary judgment and Appellant responded in opposition asserting that Thomas acted without the necessary authority of the partnership. The court, however, granted Appellee's motion and entered judgment against Appellant. Appellant appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred as a matter of law when it granted summary judgment in [Appellee's] favor."
 {¶ 4} In its sole assignment of error, Appellant maintains that the court erred when it granted Appellee's motion for summary judgment. Specifically, Appellant alleges that issues of material fact exist regarding Thomas' ability to bind the partnership and whether Appellant had notice that Jonathan Bishop's ("Jonathan") signature was also required in order to execute the note on behalf of the partnership. We disagree.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336; Klingshirn v. Westview Concrete Corp.
(1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial[.]" Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher,75 Ohio St.3d at 293.
 {¶ 7} A partnership is an association of two or more persons engaging as co-owners in a business. R.C. 1775.05(A). In Ohio, a partner has the authority to act on behalf of the partnership. The general rule which embodies this authority is found in R.C.1775.08(A):
"Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with who he is dealing has knowledge of the fact that he has no such authority." See Harvey v. Childs (1876), 28 Ohio St. 319, 323.
Thus, the conduct of a partner who acts without authority will nevertheless bind a partnership unless the individual with whom the partner was dealing has knowledge of this lack of authority. R.C. 1775.08(A) and (D); Edward A. Kemmler Memorial Found. v.691/733 East Dublin-Granville Road Co. (1992),62 Ohio St.3d 494, 497.
 {¶ 8} In the present matter, evidence was put forth establishing that Thomas and Jonathan were the sole partners of Appellant. The evidence presented by Appellee further established that on June 18, 2002, Thomas executed a promissory note in the amount of $80,000 to Appellee as partner for Appellant and in his individual capacity. Thereafter, Appellant and Thomas failed to make timely payments on the note. By reason of default, the note was accelerated and the remaining balance became due. Appellee then filed a complaint against Appellant and Thomas, in his individual capacity, for the balance of the note.
 {¶ 9} Appellant maintains that it is not liable as Thomas did not have the sole authority to bind the partnership. In support of its defense, Appellant asserts that "[Appellee] had knowledge that both signatures were required on a note, mortgage or security agreement in order to obligate [Appellant.]" In a submitted affidavit, Jonathan states that "[h]is signature is required on any and all instruments of notes, debts, mortgages, security agreements or any other form of encumbrance to the assets of the partnership." However, he does not allege that Appellee had any notice of this requirement. The other documents submitted by Appellee, which appear to be a partnership certificate, a partnership agreement, and mortgage documents signed by both Thomas and Jonathan, are equally unpersuasive.
 {¶ 10} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Lance Acceptance Corp. v. Claudio, 9th Dist. No. 02CA008201, 2003-Ohio-3503, at ¶ 15, citing Spier v.American Univ. of the Carribean (1981), 3 Ohio App.3d 28, 29. Those materials are pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Civ.R. 56(C). Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. Lance Acceptance Corp. at ¶ 15, citing Martin v.Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89. Documents that have not been sworn, certified, or authenticated by way of affidavit "`have no evidentiary value[.]'" LanceAcceptance Corp. at ¶ 15, quoting Mitchell v. Ross (1984),14 Ohio App.3d 75, 75. See Civ.R. 56(E). However, "if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion."Christe v. GMS Mgt. Co., Inc. (1997), 124 Ohio App.3d 84, 90. See, also, Lance Acceptance Corp. at ¶ 17.
 {¶ 11} In the present matter, the documents attached to Appellant's motion in opposition to summary judgment are not proper Civ.R. 56(C) evidence as they do not fall into one of the categories of evidentiary materials listed in that section nor were they incorporated and referenced in a properly framed affidavit and sworn or certified pursuant to Civ.R. 56(E). SeeLance Acceptance Corp. at ¶ 16. Moreover, neither the documents themselves nor the affidavit provide a statement to the effect that Appellee was aware of the restrictions placed on Thomas' authority to bind the partnership. Thus, even if the improper evidence was considered by the trial court, Appellant's have not demonstrated that a genuine issue of material fact exists.
 {¶ 12} Accordingly, based upon the evidence presented, Appellant has not met its Dresher burden of demonstrating that genuine issues of material fact exist and that Appellee was not entitled to judgment as a matter of law. Appellant's assignment of error is overruled.
 {¶ 13} Appellant's assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J., and Batchelder, J., concur.