OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, David R. Zito, appeals from a judgment of the Lake County Court of Common pleas, in favor of appellee, Thomas L. Tamborski. For the reasons that follow, we affirm.
 {¶ 2} On August 28, 2002, appellant filed a complaint in the Lake County Court of Common Pleas. The complaint named appellee and Thomas Stevens ("Stevens") as defendants and alleged that appellee and Stevens had breached the terms of a purchase agreement and promissory note executed by the parties. The purchase agreement related to appellee's and Stevens's purchase of appellant's stock in Larry's Lawn and Garden, Inc. ("Larry's").[1] Appellant claimed that appellee and Stevens had defaulted on the purchase agreement and promissory note, thereby entitling appellant to the remaining monthly payments due in the amount of $113,664.96.
 {¶ 3} Appellee filed a timely individual answer and counterclaim. His answer set forth the following affirmative defenses: (1) laches; (2) statute of limitations; (3) accord and satisfaction; and (4) failure to state a claim upon which relief can be granted. Appellee's counterclaim alleged that appellant had violated the purchase agreement's covenant to not compete and had interfered in the operation of Larry's.
 {¶ 4} Appellant filed an amended complaint to supplement his original complaint with an additional exhibit. Accordingly, appellee filed an amended answer which set forth the identical affirmative defenses of his original answer.
 {¶ 5} Just prior to a bench trial, appellant voluntarily dismissed Stevens from this matter, without prejudice. During trial, only appellant and appellee were called to testify.
 {¶ 6} Appellant testified that he was the sole owner of Larry's, as he owned all 500 shares of outstanding stock. Larry's was located in Painesville, Ohio. Appellant stated that on April 5, 1993, appellee and Stevens entered into a purchase agreement for the acquisition of Larry's. The purchase of Larry's was secured by the promissory note.
 {¶ 7} Copies of the purchase agreement and promissory note were formally admitted as exhibits. The purchase agreement and promissory note included the following relevant terms of sale: (1) the purchase price of Larry's was $110,000, payable over ten years and secured by the promissory note; (2) the monthly payments on the first year of the note were for interest only in the amount of $625; thereafter, the monthly payments were $1,600.25, due on the fifteenth day of every month; (3) appellant was to immediately transfer ten shares of stock to appellee and Stevens, while appellant would retain the remaining 490 shares of stock until closing, with the provision that appellant would not vote his shares so long as appellee and Stevens were not in default; (4) under the purchase agreement, the final sale and retention of appellant's stock was contingent upon appellee and Stevens complying with the provisions of the agreement; and (5) under the promissory note, failure to make payment after fifteen days past the due date would result in a default and, at appellant's option, the entire remaining principal and interest would become immediately due and payable.
 {¶ 8} Appellant testified that, by July 29, 1994, he had not yet received the monthly payment due under the purchase agreement and promissory note. As a result, he notified appellee and Stevens that they were in default and that he intended to vote his stock. Moreover, appellant took back the ten shares of stock previously issued to appellee and Stevens, and informed appellee that his employment with Larry's was being terminated.
 {¶ 9} Appellee testified that following the execution of the purchase agreement, Larry's was moved to a different location in Painesville, Ohio.[2] Appellee's testimony revealed that he worked as a mechanic for Larry's, while Stevens was in charge of sales and accounting. After Stevens left the business, appellee attempted to manage the accounts of Larry's and was soon notified by appellant that a default had occurred. Ultimately, appellee transferred Larry's stock back to appellant and left Larry's premises. Appellant resumed operating the business. Appellee further testified that appellant never demanded any additional payments until the filing of the complaint.
 {¶ 10} The trial court issued a judgment entry denying appellant's claims and appellee's counterclaims. With respect to appellant's claims, the court found that appellant's actions demonstrated he had exercised a specific provision of the purchase agreement which allowed him the authority to void the agreement if appellee was in default. The court stated, "[w]hile it is true that [appellant] never gave [appellee] anything in writing which said specifically `I am declaring the Agreement void,' his actions after default would allow [appellee] to draw such a conclusion." Accordingly, the court concluded, "[t]he logical conclusion to be drawn from [appellant's] actions would be that his repossession of the stock and business voided the Agreement and canceled the Note, especially in light of the failure of any communication or conduct on the part of [appellant] that would lead [appellee] to believe that he was still being held responsible for any payments under the Note."
 {¶ 11} From this judgment, appellant filed a timely notice of appeal and now sets forth the following two assignments of error for our consideration:
 {¶ 12} "[1.] The trial court erred as a matter of law when it granted judgment to the appellee based on the affirmative defense of cancellation and when it did not grant judgment to appellant on the promissory note when the appellant proved that the appellee had defaulted on the payments which were required by the promissory note and when the appellee did not assert the affirmative defense of cancellation or an other applicable affirmative defense in order to avoid liability on the promissory note."
 {¶ 13} "[2.] The trial court erred as a matter of law when it did not grant the appellant judgment on the purchase agreement when the appellant proved that the appellee had defaulted on the terms of the purchase agreement and when the appellee did not assert the affirmative defense of cancellation or any other applicable affirmative defense in order to avoid liability on the purchase agreement."
 {¶ 14} Appellant's first and second assignments of error address identical legal issues with respect to the promissory note and purchase agreement. Accordingly, we will address appellant's assignments of error in a consolidated manner.
 {¶ 15} Appellant's assignments of error maintain that the trial court erred in finding that the promissory note and purchase agreement had been cancelled or rendered void. In support of this argument, appellant maintains that the cancellation of either a promissory note or purchase agreement is an affirmative defense that must be set forth in the pleadings. Appellant maintains that because appellee failed to raise cancellation as an affirmative defense, appellee has waived this defense. Thus, appellant concludes that it was improper for the trial court to rely upon cancellation as a basis for the denial of his claims.
 {¶ 16} At the outset, we agree with appellant's general proposition that the cancellation of a contract is an affirmative defense to a claim that an obligation is owed pursuant to a contract. See, e.g., MatchmakerInternatl., Inc. v. Long (1995), 100 Ohio App.3d 406, 408. Moreover, we agree that an affirmative defense is waived when it is not presented as a defense either by a motion to dismiss before pleading, affirmatively in a responsive pleading, or by amendment pursuant to Civ.R. 15(A). See, e.g., Stanwade Metal Products, Inc. v. Heintzelman, 158 Ohio App.3d 228,2004-Ohio-4196, at ¶ 22.
 {¶ 17} Nevertheless, an examination of the trial court's judgment demonstrates that the court's finding that the purchase agreement and promissory note had been cancelled was based upon the terms of the purchase agreement, rather than an affirmative defense. "An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it." State ex rel. The Plain Dealer PublishingCo. v. Cleveland, 75 Ohio St.3d 31, 33, 1996-Ohio-379. In short, an affirmative defense admits the plaintiff has a claim, but asserts some legal reason why the plaintiff cannot recover on that claim. Id.
 {¶ 18} Here, the court's decision was based upon an interpretation of the purchase agreement's terms. The court's decision was not predicated upon an admission or assumption that appellant had a valid claim for recovery under the purchase agreement or promissory note. To the contrary, the court merely determined that the substantive terms of the purchase agreement, and the actions of the parties to the agreement, had terminated and rescinded the purchase agreement and note.
 {¶ 19} Specifically, the court relied upon the following provision of the purchase agreement:
 {¶ 20} "Purchase and Sale of Shares.
 {¶ 21} "1. Subject to the terms and conditions of the Agreement, the Seller agrees to sell * * *, at or before Closing, * * * Five Hundred [500] shares of common stock * * * of the Corporation. * * *
 {¶ 22} "This sale is contingent upon the Purchaser fulfilling all the terms and conditions of the Agreement. In the event the Purchaser fails to fulfill the conditions precedent to sale, or at any time prior to Closing is in default as to any installment payment required pursuant to this Agreement, the Seller may immediately declare this Agreement null and void and retain any and all monies paid to the Seller toward the Purchase Price. The Purchaser shall immediately, upon notice by the Seller of default, transfer and return all shares sold to and delivered to the Purchaser by the Seller prior to Closing. [Seller] shall be under no obligation to transfer any of the remaining shares to the Purchaser and will be released from all obligations of this Agreement."
 {¶ 23} An examination of the foregoing provision, in conjunction with the facts of this matter, demonstrates a material breach of the purchase agreement which resulted in the agreement's termination and rescission. It is well-established that "[w]here there has been a material breach of contract by one party, the other party may treat the contract as terminated and rescind it or may sue for damages." McDonagh v. CortlandSav. and Banking Co., 11th Dist. No. 2002-T-0138, 2004-Ohio-1146, at ¶ 38. See, also, Jones v. Wohala (July 10, 1992), 11th Dist. No. 91-T-4598, 1992 Ohio App. LEXIS 3618, at 5. Thus, a party's material breach of a contract is not a waivable affirmative defense.
 {¶ 24} Here, the purchase agreement expressly stated that appellant could terminate and rescind the agreement if appellee and Stevens did not fulfill their timely payment obligations. The facts confirm that when appellee and Stevens failed to meet this obligation, appellant terminated and rescinded the agreement. Appellant then pursued the remedy that such rescission entitled him to; namely, appellant retained all money paid toward the purchase price, the ten shares of stock were returned to appellant, and appellant was released from all obligations of the agreement. As a result, the court clearly determined that, due to a material breach, appellant had terminated and rescinded the purchase agreement and promissory note. The court did not rely upon the affirmative defense of cancellation to reach this conclusion.
 {¶ 25} Moreover, "the terms of a promissory note or other negotiable instrument, as between the immediate parties to the instrument, may be modified or affected by another writing executed as part of the same transaction." Edward A. Kemmler Mem. Found. v. 691/733 EastDublin-Granville Rd. Co. (1992), 62 Ohio St.3d 494, syllabus. Thus, the court is to read a contract and separate written instrument, which were executed as part of the same transaction, together as one entire contract. Id. at 500.
 {¶ 26} Accordingly, when the purchase agreement was terminated and rescinded due to a material breach, the promissory note, which was executed as part of the transaction, was also terminated and rescinded.
 {¶ 27} In conclusion, the trial court's decision to void or cancel the promissory note was not based upon the affirmative defense of cancellation. Appellant's first and second assignments of error are without merit. We hereby affirm the judgment of the trial court.
Ford, P.J., Grendell, J., concur.
[1] Larry's was involved in the sale and service of lawn and garden equipment.
[2] Appellee and Stevens were the lessees of the new location.