{¶ 20} I respectfully dissent from the majority opinion.
 {¶ 21} The majority relies on Pinchot v. Charter One Bank,F.S.B., 99 Ohio St.3d 390, 2003-Ohio-4122, in holding that Wells Fargo's duty to timely release the mortgage lien arose after the note was satisfied, and thus was not a part of the lending process.Pinchot, however, is distinguishable from this case. Pinchot
specifically addresses whether federal law preempts the application of R.C. 5301.36 to federal savings associations. The question raised in the present case is whether an arbitration clause applies to the filing of the termination of mortgage when the arbitration clause was contained in the promissory note and not the mortgage, not whether the recording of the mortgage satisfaction was part of the overall lending process. In any event, the arbitration clause would still apply regardless of whether the mortgage satisfaction was found to be part of the lending process because the *Page 10 
language of the arbitration clause refers to any claim or dispute arising out of, or related to, the loan agreement.
 {¶ 22} While the promissory note and the mortgage are separate documents, these documents are considered part of one transaction and should be construed together. Niswonger v. Gross (Feb. 9, 1983), Montgomery App. No. 7936 (holding that the note did expressly incorporate the provisions of the mortgage by reference and that the note and the mortgage must be read and construed together). "Writings executed together as part of the same transaction should be read together, and the intent of each part will be gathered from a consideration of the whole." Foster Wheeler Enviresponse, Inc. v.Franklin Cty. Convention Facilities Auth. (1997), 78 Ohio St.3d 353,361; Edward A. Kemmler Mem. Found. v. 691/733 East Dublin-Granville Rd.Co. (1992), 62 Ohio St.3d 494, 499, 584 N.E.2d 695; Trowbridge v.Holcomb (1854), 4 Ohio St. 38, 43 (a note and mortgage must be construed together; they refer to each other, and are but parts of one contract). Therefore, the arbitration clause contained in the promissory note, that refers to the "Loan Agreement," should be applicable to the both the promissory note and the mortgage.
 {¶ 23} The majority further relies on Shumaker v. Saks, Inc.,163 Ohio App.3d 173, 2005-Ohio-4391, to establish that this case is beyond the scope of the arbitration agreement. In Shumaker, a personal shopper working for Saks allegedly *Page 11 
visited an elderly woman on a continual basis and sold her goods and services. The woman's family informed the personal shopper's manager that the elderly woman could not afford the purchases and that the credit account was placing her in financial distress. Nonetheless, the charges continued to accrue until they amounted to over $100,000 worth of unused items. When the woman died, the administrator of her estate filed a claim against Saks alleging that the store's sales practices were unconscionable under the Ohio Consumer Sales Practices Act (OSCPA). Saks filed a motion to compel arbitration, based on the decedent's credit card agreement with the store that contained an arbitration clause. On appeal, we held that this claim was unrelated to the credit agreement between the decedent and the store, therefore arbitration could not be compelled. The administrator could still have a claim against the store even if the decedent did not have a credit account. This case is also distinguishable because the event giving rise to the dispute in the present case comes from, and is intimately related to, the loan agreement that was signed by both Wells Fargo and the Alexanders. Without the loan agreement, this claim could not exist.
 {¶ 24} Finally, the majority cites to this court's recent decision inCharles L. Bluford, et al. v. Wells Fargo Financial Ohio 1, Inc., Cuyahoga App. No. 89491, 2008-Ohio-686, in support of its position that, because appellee's duty to release the mortgage lien arose after the note had been paid in full, the mortgage release duty *Page 12 
cannot be related to the arbitration clause in the note.Bluford further opines that although the arbitration agreement expressly provides that it extends to disputes arising out of future dealings, the court simply did not agree that the arbitration agreement was applicable to the claims filed pursuant to provisions of the Ohio Revised Code. What the majority in this case and in Bluford fail to acknowledge is that the statutory duties cannot arise unless and until the loan agreements are extinguished by full payment of the notes. In other words, the precise reason the court gives for finding that the claims are not subject to arbitration — namely full payment of the loan — is precisely what must happen before the claimed duties manifest.
 {¶ 25} Courts should enforce an arbitration provision in a contract "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute." Gujrati v. Dech (Aug. 16, 1995), Summit App. No. 16966, unreported, citing Neubrander v. Dean Witter Reynolds, Inc.
(1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089. Because of the strong presumption in favor of arbitration, a court must resolve any ambiguity in an arbitration clause in favor of resolving the dispute by arbitration. Russell E. Toole Sons Elec. v. Columbus Hous.Partnership (Nov. 13, 1997), Franklin App. No. 97APG03-380. *Page 13 
 {¶ 26} A mortgage cannot exist without the underlying debt. Without a loan agreement there would be no need to record a mortgage satisfaction or a real estate lien release. It follows that appellee's failure to file a mortgage satisfaction arises from the loan agreement and is therefore subject to the arbitration provisions. For these reasons, I would affirm the trial court's decision granting appellee's motion to compel arbitration. *Page 1