COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| MICHAEL D. TARULLO, SR. | : | Hon. John W. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 18 CAE 03 0023 |
| BARRY THOMPSON | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Civil appeal from the Delaware County
                            Court of Common Pleas, Case No. 14 CV H
                            04 0286

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     August 21, 2018

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

THOMAS ROSENBERG                    BARRY THOMPSON
41 South High Street                5819 Natureview Lane
Huntington Center                   Dublin, OH 43017
21st Floor
Columbus, OH 43215

*Gwin, J.*

{¶1} Appellant appeals the February 12, 2018 judgment entry of the Delaware County Court of Common Pleas.

*Facts & Procedural History*

{¶2} On April 16, 2014, appellee Michael Tarullo, Sr. filed a complaint against appellant Barry Thompson. The complaint alleged appellee loaned appellant $90,000, and the parties entered into a promissory note for that amount. Appellee further alleged appellant was in default of the promissory note and sought judgment in the amount of $87,000, plus interest and costs.

{¶3} On December 14, 2014, appellant's attorneys, James E. Arnold & Associates, moved to withdraw as his counsel. The trial court vacated the oral hearing set on the motion to withdraw and, after an in-camera review of sealed documents, granted counsel's motion to withdraw.

{¶4} Appellee moved for summary judgment on his complaint on March 12, 2015. Appellee argued summary judgment was appropriate because appellant admitted in his deposition that he did sign the note and subsequently failed to pay as required. While the motion for summary judgment was pending, appellant filed a motion for criminal referral and a motion to compel appellee to disclose his personal residence, supported by an affidavit.

{¶5} Attorney Daniel J. Donnellon entered his appearance as counsel of record for appellant on August 8, 2015.

{¶6} On August 26, 2015, the trial court denied appellant's motion to compel appellee to declare and prove to the court his current residence and state of which he is

currently a citizen. Further, the trial court denied appellant's motion for criminal referral, finding the relief appellant requested was not within the trial court's authority.

**{¶7}** Also on August 26, 2015, the trial court denied appellant's motion to strike and granted appellee's motion for summary judgment. The trial court entered judgment in the amount of $88,117.18, plus interest and court costs. The trial court set the matter for a hearing on attorney fees.

**{¶8}** After conducting an evidentiary hearing, the trial court awarded appellee $13,003.80 in attorney fees in a judgment entry on October 26, 2015. The court sent appellant's counsel a notice that a final appealable order was filed and journalized on October 26, 2015.

**{¶9}** Attorney Donnellon moved to withdraw as counsel for appellant on January 27, 2016. After an in-camera review of documents, the trial court granted the motion to withdraw on February 22, 2016.

**{¶10}** On September 27, 2017, appellant filed a Rule 60(B)(5) motion for relief. Appellant sought to vacate both the August 26, 2015 and October 26, 2015 judgments against him. Appellant argued the judgment entries should be vacated because his counsel intentionally misled him, violated his rights, and neglected his case.

**{¶11}** On February 12, 2018, the trial court denied appellant's Rule 60(B)(5) motion. The trial court found appellant did not present any argument that would indicate a meritorious defense to appellee's action on the promissory note.

**{¶12}** Appellant appeals the decisions of the Delaware County Court of Common Pleas and assigns the following as error:

{¶13} "I. THE COURT ERRED IN DENYING DEFENDANT'S RULE 60(B)(5) MOTION FOR RELIEF.

{¶14} "II. THE COURT ERRED IN DENYING DEFENDANT HEARINGS (UNDER LOCAL RULE 13.02) ON MOTIONS TO WITHDRAW BY HIS COUNSEL.

{¶15} "III. THE COURT ERRED IN REJECTING SWORN AFFDIAVITS OF DEFENDANT.

{¶16} "IV. THE COURT ERRED BY AIDING PLAINTIFF IN THE CONCEALMENT OF HIS RESIDENCE FROM DEFENDANT.

{¶17} "V. THE COURT ERRED BY DENYING DEFENDANT'S MOTION FOR CRIMINAL REFERRAL AGAINST PLAINTIFF."

I.

{¶18} In his first assignment of error, appellant contends the trial court erred by refusing to grant him Rule 60(B)(5) relief from the promissory note summary judgment granted against him on August 26, 2015 and the award of attorney fees in connection with the judgment on October 26, 2015.

{¶19} To prevail on a motion brought under Civil Rule 60(B), a movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

{¶20} A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this court absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). The Supreme Court of Ohio has

defined the term of abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶21} Appellant based his Civil Rule 60(B) motion on "any other reason justifying relief from judgment." Civil Rule 60(B)(5). Civil Rule 60(B)(5) operates as a catch-all provision and "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." *Dutton v. Potroos*, 5th Dist. Stark No. 2010CA00318, 2011-Ohio-3646. The grounds for invoking Civil Rule 60(B)(5) should be substantial and only used in extraordinary and unusual cases when the interests of justice warrant it. *Claycraft Motors, L.L.C. v. Bulldog Auto Sales, Inc.*, 5th Dist. Fairfield No. 13-CA-70, 2014-Ohio-2086.

{¶22} Appellant argues the trial court abused its discretion in finding he failed to assert a meritorious defense. A promissory note is considered a contract as a matter of law. See e.g. *Edward A. Kemmler Mem. Found. v. 691/733 East Dublin-Granville Rd. Co.*, 62 Ohio St.3d 494, 584 N.E.2d 695 (1992). "During the course of the judicial examination of a written instrument, the reviewing court should give the language of the instrument its plain and ordinary meaning unless some other meaning is evidenced within the document." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978).

{¶23} In this case, the promissory note provides that appellant "hereby promises to pay to the order of Michael D. Tarullo Sr. (the 'Lender'), the principal sum of $90,000, plus interest * * * The Borrower shall pay consecutive equal monthly installments of principal and accrued interest in the amount of $1,000 each, commencing 30th April,

2013, and continuing on the 30th day of each month thereafter * * *."  In the promissory note, an "event of default" includes when "the Borrower fails to pay when due any amount payable under this Note."  The note further provides that, "upon the occurrence of any one or more of such Events of Default, the Lender may immediately exercise any right, power, or remedy permitted to the Lender by law or agreement, and shall have, in particular, * * * the right to declare the entire principal and all interest accrued on this Note to be forthwith due and payable * * * The Borrower shall be liable to the Lender for all reasonable costs and expense of every kind * * * including, without limitation, reasonable attorneys' fees and court costs."

{¶24}  During his deposition, appellant admitted to signing the promissory note. He further testified: the loan of $90,000 was made to him; he understood he was the borrower on the loan; understood his obligation was to make monthly payments of $1,000 commencing April 30 of 2013; he made three monthly payments on the promissory note because he considered it due; and did not make any payments on the promissory note after July 3, 2013.

{¶25}  As noted by the trial court, in his motion for relief, appellant does not present any argument that alleges a meritorious defense to appellee's action on the promissory note.  Appellant's arguments instead focus on claims that do not arise from the same specific transaction that formed the basis of appellee's original complaint and appellant requests affirmative relief against appellee that must be initiated as original claims. Accordingly, we find the trial court did not abuse its discretion in finding appellant failed to allege a meritorious defense.

**{¶26}** Further, as more than one year has elapsed from the date of judgment, appellant must seek relief according to subsection (5), the general catch-all provision of Rule 60(B). Appellant argues the "extraordinary circumstances" that justify relief is a pattern of misconduct and ineffective assistance by the attorneys who represented him.

**{¶27}** This Court has consistently held that appellant's remedy for alleged attorney incompetence or misconduct is an action for malpractice, and Civil Rule 60(B)(5) is not to be used as a substitute for a malpractice action. *Jenkins v. Jenkins*, 5th Dist. Licking No. 09 CA 0106, 2010-Ohio-1184 (finding "Ohio case law provides Appellant's remedy for Attorney Lloyd's alleged incompetence is an action for malpractice, and Civil Rule 60(B)(5) is not to be used as a substitute for a malpractice action" and citing *Argo Plastic v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984)); *WM Specialty Mortgage v. Mack*, 5th Dist. Licking No. 2008 CA 00125, 2009-Ohio-2590 (finding appellant's assertion that he was the victim of attorney misconduct not an extraordinary circumstance under Civil Rule 60(B)(5) and holding that "the client's remedy is against the attorney in a suit for malpractice"); see also *State v. Jones*, 11th Dist. Ashtabula No. 2001-A-0072, 2002-Ohio-6914 (holding "a party is not entitled to relief under Civil Rule 60(B)(5) for inexcusable neglect on the part of his attorney. The party's remedy would be a malpractice action against the attorney.")

**{¶28}** We find the trial court did not abuse its discretion in denying appellant's Civil Rule 60(B)(5) motion. Accordingly, appellant's first assignment of error is overruled.

## II.

**{¶29}** In his second assignment of error, appellant argues the trial court erred by refusing to hold hearings before allowing his attorneys to withdraw. The trial court granted

James E. Arnold & Associates' motion to withdraw on January 14, 2015, after an in-camera review of sealed documents and granted Daniel J. Donnellon's motion to withdraw on February 22, 2016, after an in-camera review of sealed documents.

**{¶30}** A Rule 60(B) motion is not a substitute for a direct appeal. *Key v. Mitchell*, 81 Ohio St.3d 89, 689 N.E.2d 548 (1998); *PNC Bank, N.A. v. JPMorgan Chase Bank, N.A.*, 5th Dist. Delaware No. 12 CAE 07 0042, 2013-Ohio-1046. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *U.S. Bank, N.A. v. Avery*, 5th Dist. Richland No. 14CA89, 2015-Ohio-3908, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43.

**{¶31}** The January 14, 2015 and February 22, 2016 judgment entries and any argument that the trial court erred in not holding hearings on the motions were issues cognizable on direct appeal from the October 26, 2015 judgment entry, which constituted a final appealable order in this case. Since appellant had the opportunity, but failed, to pursue a direct appeal on these judgment entries and issues, the application of Civil Rule 60(B)(5) is barred and the trial court did not abuse its discretion in denying the motion. Appellant's second assignment of error is overruled.

III.

**{¶32}** In his third assignment of error, appellant contends the trial court erred by rejecting all of his multiple, sworn affidavits when ruling on the motion for summary judgment. Appellant claims he provided these affidavits, and a letter, directly to the trial judge, who allegedly held them until returning them to appellant at a March 13, 2015 case conference.

{¶33} Since appellant argues the trial court abused its discretion in not considering his affidavits in response to appellee's motion for summary judgment, this argument is an issue that was cognizable on direct appeal, and therefore cannot be used to collaterally attack a judgment. See *Jenkins v. Jenkins*, 5th Dist. Licking No. 09 CA 0106, 2010-Ohio-1184. Here, the trial court's summary judgment entry was issued on August 26, 2015 and the final appealable order was issued on October 26, 2015, after the hearing on attorney fees. Because appellant had the opportunity, but failed, to pursue a direct appeal on this issue, the application of Civil Rule 60(B)(5) is barred and the trial court did not abuse its discretion in denying the motion. Appellant's third assignment of error is overruled.

IV. & V.

{¶34} In his fourth and fifth assignments of error, appellant argues the trial court erred in denying his motion for the court to compel appellee to declare his residence and in denying his motion for criminal referral against appellee. The trial court denied these motions in an August 26, 2015 judgment entry.

{¶35} As discussed above, the trial court issued a final appealable order on October 26, 2015. Since appellant had the opportunity, but failed, to pursue a direct appeal on these issues, the application of Civil Rule 60(B)(5) is barred and the trial court did not abuse its discretion in denying appellant's motions. Appellant's fourth and fifth assignments of error are overruled.

{¶36} Based on the foregoing, appellant's assignments of error are overruled. The February 12, 2018 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, John, P.J., and

Wise, Earle, J., concur