OPINION
{¶ 1} Defendants-appellants, Michael F. Hunter and Carol Hunter, appeal from the December 6, 2001 judgment of the Franklin County Municipal Court that denied their motion for relief from judgment pursuant to Civ.R. 60(B).
{¶ 2} On January 29, 2001, plaintiff-appellee, R. H. Bracken, D.O., filed a complaint in the Franklin County Municipal Court, alleging that defendants owed plaintiff the sum of $3,310, plus interest, for unpaid fees for medical services rendered. The record before us indicates that the clerk of courts attempted to serve defendants with the summons and complaint, via certified mail service, at the following address: 3232 Mary Ave., Columbus, Ohio 43204. The record contains two certified mail return receipts, which both bear delivery dates of July 11, 2001. Neither receipt bears any legible signature. One receipt has a single pen stroke across the space designated for the printed name of the receiving party.
{¶ 3} On August 10, 2001, plaintiff filed a motion for default judgment pursuant to Civ.R. 55. The trial court entered a default judgment in favor of plaintiff in the amount of $3,310, plus interest. Subsequently, on November 14, 2001, defendants filed a "motion for relief." In an entry dated December 6, 2001, the trial court overruled defendants' motion for relief from judgment. Defendants appeal this decision and assign the following errors:
 DEFENDANT-APPELLANT'S ASSIGNMENT OF ERROR NO. 1
The Court Erred To The Substantial Prejudice Of The Defendant-Appellant In Lack of Service Of Process Whereas The Defendant Never Received The Initial Summons To Appear And Contest The Complaint On The Account
 DEFENDANT-APPELLANT'S ASSIGNMENT OF ERROR NO. 2
The Court Erred To The Substantial Prejudice Of The Defendant-Appellant In Allowing The Garnishment Of Wages Before The Defendant Was Given A Proper Hearing
 DEFENDANT-APPELLANT'S ASSIGNMENT OF ERROR NO. 3
The Court Erred To The Substantial Prejudice Of The Defendant-Appellant In Consideration Of The Entire Complaint On Account, Specifically Count Four Line Fifteen Stating Said Services And/Or Materials Were Conferred At Plaintiff's Expense And Under Circumstances Which Would Make It Unjust For Defendants To Retain The Benefit Without Paying For Same Said Services And/Or Materials Conferred Would Not Have Been Necessary Were It Not For The Use Of A Defective Needle
(Emphasis sic.)
{¶ 4} As a preliminary matter, we note that "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651, 654. Furthermore, " `Pro se litigants * * * are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedure.' " Hart v. Columbus Dispatch/Dispatch Printing Co., Franklin App. No. 02AP-506, 2002-Ohio-6963, at ¶ 21, quoting CAT-Rental Store v. Sparto (Feb. 19, 2002), Clinton App. No. CA2001-08-024. Therefore, the fact that defendants have chosen to appear pro se does not impact our application of applicable legal rules.
{¶ 5} According to defendants, they "filed a motion 60B [sic] to have another hearing." (Appellants' brief, at 1.) Based on our review of the record, we construe "Defendant's motion for relief" to be a motion for relief from judgment pursuant to Civ.R. 60(B). In certain circumstances, Civ.R. 60(B) provides a procedural mechanism for a court to relieve a party from a "final judgment, order or proceeding." The Ohio Supreme Court, in GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, established a tripartite test for Civ.R. 60(B) motions. The test is as follows:
To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. * * *
Id. at 150-151.
{¶ 6} "The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." Sain v. Roo, Franklin App. No. 02AP-448, 2003-Ohio-626, at ¶ 11, citing Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. "[A]buse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
{¶ 7} Plaintiff concedes that defendants established the first and third requirements of GTE. (Appellee's brief, at 5.) More specifically, plaintiff concedes that defendants presented a meritorious defense,[1]
and that the motion was timely filed. See id. Plaintiff, however, does not concede that defendants demonstrated, at the trial court level, that they were entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Plaintiff asserts that defendants alleged no facts in their "motion for relief" which would entitle them to relief under Civ.R. 60(B)(1) through (5).
{¶ 8} By their first assignment of error, defendants assert that they were denied due process because there was insufficient service of process. It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal. Ohio Farmers Ins. Co. v. Estate of Brace (1997), 116 Ohio App.3d 395, 401. In the default judgment entry, the trial court stated that it appeared that defendants were properly served. In their "motion for relief," defendants made no reference to not receiving service of process. Now on appeal, defendants claim that they did not receive service of process. Evidence that defendants never actually received service of process may have, at the trial court's sound discretion, demonstrated entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and thereby satisfied the second prong of GTE. However, considering the principle stated in Ohio Farmers, defendants' argument regarding service of process may not be raised for the first time on appeal. Therefore, defendants' first assignment of error is overruled.
{¶ 9} In their second assignment or error, defendants argue that the trial court "erred * * * in allowing the garnishment of wages before the defendant was given a proper hearing." This court is limited to review of the final order appealed from. As stated above, defendants have appealed the December 6, 2001 order of the trial court. The appealed order of the trial court overruled defendants' motion for relief, which we have construed as a motion for relief from judgment pursuant to Civ.R. 60(B). Thus, defendants' second assignment of error lacks merit because the wage garnishment issue does not relate to the trial court's order denying defendants' Civ.R. 60(B) motion. Consequently, defendants' second assignment of error is overruled.
{¶ 10} By their third assignment of error, defendants assert that the trial court erred "in consideration of the entire complaint." (Emphasis sic.) With this assignment of error, it is clear that defendants are attempting to assert a defense to their liability to plaintiff. We recognize that plaintiff has conceded defendants' establishment of a meritorious defense pursuant to Civ.R. 60(B). Furthermore, no evidence exists that indicates that the trial court abused its discretion with respect to the first element of GTE. Accordingly, defendants' third assignment of error is overruled.
{¶ 11} For the foregoing reasons, all three of defendants' assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Watson and Brown, JJ., concur.
[1] To satisfy the first prong of GTE, the movant need only "allege a meritorious defense, not to prove that he will prevail on that defense." Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.