[Cite as *Hammons v. Hammons*, 2025-Ohio-177.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LAUREN HAMMONS, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| MATTHEW HAMMONS, | : | Case No. 24 CAF 06 0035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
                             Court of Common Pleas, Domestic
                             Relations Division, Case No. 11DRA
                             06 0339

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 22, 2025

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GARY GOTTFRIED                          J.C. RATLIFF
608 Office Parkway Suite B              ROCKY RATLIFF
Westerville, Ohio 43082                 KYLE PHILLIPS
                                        BENJAMIN THOMPSON
                                        Ratliff Law Office
                                        200 West Center Street
                                        Marion, Ohio 43302

*Baldwin, P.J.*

**{¶1}** Appellant Matthew Hammons appeals from the trial court's May 13, 2024, Judgment Entry denying his Civ.R. 60(B) Motion to Vacate the court's March 21, 2024, judgment entries, and the court's April 4, 2024, Judgment Entry reaffirming the court's March 21, 2024 decision and ordering him and his attorney to pay opposing counsel $1,348.00 in attorney fees. Appellee is Lauren Hammons.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The appellant and appellee were married on July 20, 2002, and have one child, born March 4, 2009. The appellee filed a Complaint for Divorce on June 17, 2011. The trial court issued a Decree of Divorce on June 5, 2013, which, inter alia, named the appellee as residential parent and set forth a schedule for the appellant's parenting time. The parties appealed, and the trial court's decision was affirmed by this Court in *Hammons v. Hammons,* 2014-Ohio-221 (5th Dist.).

**{¶3}** On August 29, 2023, the appellee filed a Motion to Modify the Parties' Parenting Schedule to allow the minor child, who is currently fourteen (14) years old, to travel to Greece as part of the Worthington Schools Education overseas program. The appellee stated in her Motion that she would accompany the child on the trip, would pay all costs associated with the trip, and would not seek reimbursement from the appellant for any of the costs. The Motion averred that the dates of the overseas trip would impact the appellant's parenting time in that he would not be able to spend Father's Day with the child; and, that the appellee had offered compensatory time for the appellant, including the visitation on Mother's Day, but the appellant refused to compromise.

{¶4} The appellant was served with a copy of the Motion on September 27, 2023. On November 21, 2023, the GAL who had been appointed previously in the case was re-appointed, and the matter was scheduled for a status conference on December 11, 2023. The appellee's Motion was thereafter scheduled for hearing on February 15, 2024. On February 12, 2024, the appellee filed a Motion for Sanctions Pursuant to Civil Rule 37(D), seeking attorney fees and sanctions for the appellant's failure to appear for his February 8, 2024, deposition.

{¶5} The parties contacted the trial court on the eve of the February 15, 2024, hearing, advised the court that they had "resolved their outstanding issues," and requested that all parties, counsel, and the GAL be excused from appearing for the hearing. On February 15, 2024, the trial court issued a Judgment Entry documenting the parties' representation of resolution, and holding that the parties "shall submit their full settlement agreed judgment entry on or before March 1, 2024." Counsel for the appellee forwarded a proposed agreed judgment entry to counsel for the appellant on or about February 15, 2024, which allowed for the minor's educational overseas trip; set forth the appellee's withdraw of her motion for sanctions; and, provided that beginning in June, 2025, the appellant could have parental visitation on his birthday from 10:00 a.m. – 7:00 p.m., and set forth the process by which to schedule the same.

{¶6} The parties failed to meet the March 1, 2024, deadline. On March 19, 2024, the trial court issued a Judgment Entry in which it held that if the agreed judgment entry was not signed and submitted to the court, it would consider dismissal of the case and any appropriate imposition of sanctions. On March 21, 2024, the appellee filed a Motion to Set the Plaintiff's Motion for an Oral Hearing, submitting that the proposed agreed

judgment entry had been signed by the appellee, appellee's counsel, and GAL, and circulated to the appellant and his counsel for signature, but they had not signed the entry. The appellee averred in the motion that her counsel had "reached out" to the appellant's counsel on several occasions; the court was considering dismissal of the appellant's Motion to Modify if the agreed judgment entry was not filed; and, the departure time for the upcoming school trip abroad was fast approaching and the minor child may miss out on the trip if the appellee had to start the process for court approval of the necessary parenting schedule deviation over again.

{¶7}    The trial court denied the appellee's March 21, 2024, Motion for Hearing, and issued an Agreed Judgment Entry on March 21, 2024, which was the agreed judgment entry that had been circulated. The appellant had asked the appellee to include in the agreed entry a paragraph modifying the parties' parenting time to make Father's Day, Mother's Day, and the parents' birthdays overnights, which would have expanded his parental rights compared to the existing parenting schedule. The appellant had not, however, filed a motion to modify with regard to this issue, but rather, attempted to negotiate this modification in tandem with the appellee's motion to modify regarding the international trip. Paragraph 4 of the agreed judgment entry stated that beginning on June 14, 2025, the appellant may celebrate his birthday with the child between the hours of 10:00 a.m. and 7:00 p.m., and provided that the appellee could make the time up if it fell during her scheduled parenting time.

{¶8}    The trial court also issued a second Judgment Entry on March 21, 2024, summarizing the proceedings, approving GAL fees, and dismissing the motion for oral hearing as moot. Said Entry also provided that the court would consider an award of

attorney fees to appellee's counsel based upon the appellant's "dilatory tactics in failing to comply in Good Faith" upon written request from the appellee and any response from the appellant if filed by April 1, 2024. The appellant did not appeal from either of the March 21, 2024, judgment entries.

{¶9}    On March 25, 2024, the appellee filed a motion for attorney fees pursuant to 3105.73(B) for the time her attorney spent on the matter from February 29, 2024 to March 23, 2024, together with an affidavit of appellee's counsel in support. The appellant did not file a brief in opposition, nor did he request an oral hearing on the motion.

{¶10}  On April 4, 2024, the trial court granted the appellee's motion for attorney fees and ordered the appellant and his counsel to pay to the appellee's counsel the sum of $1,348.00. The appellant did not appeal from the April 4, 2024, Judgment Entry.

{¶11}  On April 5, 2024, the appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B). The appellee opposed the motion, and on May 13, 2024, the trial court denied the motion, stating in part that "[i]f contested issues further arise, the party(ies) shall reopen this case with appropriate motions invoking the ongoing jurisdiction of this Court to determine said contested issues."

{¶12}  The appellant filed a Notice of Appeal on June 12, 2024, setting forth the following sole assignment of error:

{¶13}  "I. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B)."

{¶14}  The appellant argues that the trial court erred when it denied his Civ.R. 60(B) motion. We disagree.

**STANDARD OF REVIEW**

**{¶15}** To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12-CA-86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at 5. Our standard of review of a court's decision as to whether to grant a Civ. R. 60(B) motion is abuse of discretion. *Id.* at 148.

**{¶16}** In addition, an award or denial of attorney fees in domestic relations actions pursuant to R.C. 3105.73 is also reviewed based upon an abuse of discretion standard.

**{¶17}** In order to find an abuse of discretion, the court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**ANALYSIS**

**{¶18}** The appellant's argument involves paragraph 4 of the Agreed Judgment Entry and the award of attorney fees. The trial court approved the Agreed Judgment Entry on March 21, 2024, and issued a second Judgment Entry reiterating said approval on March 21, 2024. On April 4, 2024, the trial court issued a Judgment Entry once again reiterating approval of the parenting schedule deviation allowing for the minor's

international trip, and ordering the appellant to pay fees of $1,348.00 to the appellee's counsel. The appellant did not appeal from either the March 21, 2024, judgment entries, or the April 4, 2024, Judgment Entry.

**{¶19}** It is axiomatic that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal. As discussed by this Court in *Hazelwood Association, Inc. v. Helfrich,* 2022-Ohio-174 (5th Dist.):

"Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. * * * However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 15. *See also Doe v. Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus ("[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal").

"Where the defect of the judgment is apparent from the record, an appeal will lie; where it is not, relief must be sought under Civ.R. 60(B), because error cannot be demonstrated from the record. * * * 'Thus, when one party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal.' " *Deutsche Bank Tr. Co. Americas v. Ziegler,* 2d Dist. Montgomery No. 26287, 2015-Ohio-1586, ¶ 56, *quoting Blount v. Smith,* 8th Dist. Cuyahoga No. 96991, 2012-Ohio-595, ¶ 9.

*Id.* at ¶11-12. See, also, *Hunter v. Crumrine*, 2023-Ohio-4784, ¶ 12 (5th Dist.) ("The claimed deficiencies or defects in the procedure followed by the trial court are matters that could have been raised and resolved on direct appeal, and appellant's motion to vacate was a substitute for appeal. Since a Civil Rule 60(B) motion cannot be used as a substitute for appeal, the trial court correctly denied the motion to vacate.")

**{¶20}** In this case, the time by which an appeal of the trial court's March 21, 2024, judgment entries were to be filed was April 20, 2024, and the time by which an appeal of the April 4, 2024, Judgment Entry awarding attorney fees was to be filed was May 4, 2024. Rather than file an appeal, the appellant filed a Civ.R. 60(B) motion regarding the Agreed Judgment Entry and the issue of whether the appellee was entitled to attorney fees pursuant to R.C. 3105.73. Then, on June 12, 2024, he filed a Notice of Appeal of the trial court's denial of the Civ.R. 60(B) motion. However, the issues were contained in the record, and as a result could have been appealed but were not. As such, the doctrine of res judicata bars the appellant's attempted collateral attack against the trial court's March 21, 2024, Agreed Judgment Entry and Judgment Entry, and its April 4, 2024, Judgment Entry.

**{¶21}** Furthermore, the issues surrounding paragraph 4 of the Agreed Judgment Entry could have been addressed by the appellant had he filed his own motion. The overnight visits he sought for parental birthdays, Father's Day, and Mother's Day would have resulted in an expansion of his parenting time, yet he failed to file his own Motion to Modify the Parenting Schedule. The appellee's Motion to Modify dealt only with the minor child's overseas educational trip. The appellant agreed to that trip, resulting in resolution of that issue. The trial court's judgment entries approved the requested modification,

allowing for the appellee to arrange for the trip. If the appellant sought additional modification of the parenting schedule, he should have filed his own motion seeking the same. He did not, instead seeking to piggy-back on the appellee's motion.[1] The trial court did not err in denying his Civ.R. 60(B) motion to vacate, and the appellant's assignment of error is without merit.

## CONCLUSION

{¶22} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.

---

[1] The appellant can still file a motion to modify on the issue of whether visits for the parents' birthdays, Father's Day, and Mother's Day should be overnight, particularly since paragraph 4 provided that the 10:00 a.m. – 7:00 p.m. scheduled visitation on the appellant's birthday would commence on June 14, 2025.