[Cite as *Keen v. Keen*, 2025-Ohio-5810.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HEATHER KEEN, | Case No. CT2025-0061 |
|    Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Domestic Relations Division of the Court of Common Pleas of Muskingum County, Case No. DA2023-0478 |
| NATHEN S. KEEN, | |
|    Defendant - Appellant | Judgment:   Affirmed |
| | Date of Judgment:  December 30, 2025 |

BEFORE: William B. Hoffman; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: Nathen S. Keen, St. Clairsville, Ohio, briefed the case on his own behalf as Defendant-Appellant.

*Gormley, J.*

**{¶1}** Defendant Nathen Keen argues in this appeal that the trial court erred by denying his Civil Rule 60(B) motion requesting relief from the October 2023 judgment that terminated his marriage.  Keen also contends that the trial court lacked jurisdiction to issue the divorce decree because — he says — he was not properly served with the initial summons and complaint when the case was filed in 2023.  For the reasons explained below, we affirm the trial court's judgment.

**The Key Facts**

**{¶2}** The marriage between Nathen and Heather Keen was terminated by an October 2023 divorce decree.  Nathen — who began serving a lengthy prison term several months before Heather Keen filed the divorce complaint — was not represented

by counsel in the divorce action, did not file an answer to the complaint, and did not request to appear by video for any hearings. Nathen alleges that the attorney who represented him in prior legal matters led him to believe that she would represent him in the divorce action and would appear on his behalf at the October 16, 2023 divorce hearing. Neither Nathen nor that attorney appeared at the hearing.

{¶3} The court awarded Heather the parties' jointly owned residence and ordered Nathen to execute a quit-claim deed releasing his interest in the property. Heather was designated as the residential parent and legal custodian of their shared children, and Nathen was not awarded any enforceable parenting time.

{¶4} Nathen did not timely appeal after the 2023 divorce decree was issued. Our court denied in October 2024 Nathen's motion for permission to file a delayed appeal, and we denied, too, his subsequent motion to reconsider the denial of his first motion. Following his unsuccessful attempts to file a tardy direct appeal, Nathen filed with the trial court in April 2025 a Civil Rule 60(B) motion for relief from the divorce-decree judgment. The trial court denied his motion without holding a hearing, and Nathen now appeals that decision.

**The Trial Court Did Not Err By Denying Keen's Motion For Relief From Judgment**

{¶5} Keen's first, second, and third assignments of error all relate to the trial court's denial of his Civ.R. 60(B) motion for relief. Keen argues that the trial court erred by dismissing his motion without a hearing, improperly viewed the motion as untimely, and erroneously found that he had not stated a claim that might entitle him to relief.

{¶6} We review a trial court's decision to deny a Civ.R. 60(B) motion for an abuse of discretion. *Maynard v. Scales*, 2025-Ohio-5124, ¶ 15 (5th Dist.). An abuse of

discretion is more than an error in law or judgment and implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Keen Failed to Demonstrate That He Had Grounds For Relief Under Civ.R. 60(B)*

**{¶7}** A court may, upon motion, relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether intrinsic or extrinsic), misrepresentation, or other misconduct by an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. Civ.R. 60(B)(1)-(5). The motion must be made within a reasonable time, and for relief based on (1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *Id.*

**{¶8}** To prevail on his Civ.R. 60(B) motion, Keen must have demonstrated to the trial court that he had a meritorious claim or defense to present if he were relieved from the divorce decree, that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5), and that the motion was made within a reasonable time, or, if his grounds for relief were Civ.R. 60(B)(1), (2), or (3), not more than one year after the decree was issued. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976). Keen's failure to satisfy even one of those requirements warranted the trial court's denial of his motion. *Hammons v. Hammons*, 2025-Ohio-177, ¶ 15 (5th Dist.).

**{¶9}** Keen, in his brief, asserts only that he was entitled to relief under Civ.R. 60(B)(1) and (5). Keen's 60(B) motion was filed with the court on April 4, 2025, and that motion sought relief from the October 16, 2023 divorce decree. Because Keen's motion was filed more than one year after the divorce decree was issued, Keen was not entitled to seek relief under Civ.R. 60(B)(1). That leaves only Civ.R. 60(B)(5) for our analysis, and "[t]he grounds for invoking Civil Rule 60(B)(5) should be substantial and only used in extraordinary and unusual cases when the interests of justice warrant it." *Tarullo v. Thompson*, 2018-Ohio-3378, ¶ 21 (5th Dist.).

**{¶10}** Keen argues that he was entitled to relief because the decree was against the plain language of Civ.R. 75(F), the decree failed to establish parental rights, Keen still had personal belongings at the property awarded to Heather, and an attorney he believed was representing him in the divorce proceedings provided what Keen describes as the ineffective assistance of counsel.

**{¶11}** Ohio courts have repeatedly explained that Civ.R. 60(B) may not be used as a substitute for a direct appeal. *Doe v. Trumbull Cty. Children Serv. Bd.*, 28 Ohio St.3d 128, 131 (1986); *Arbogast v. Werley*, 2008-Ohio-1555, ¶ 10 (6th Dist.) ("A motion for relief from judgment does not extend the time for appeal and an appeal from an order denying relief under Civ.R. 60(B) does not bring up for review the judgment from which relief is sought."); *Beyoglides v. Elmore*, 2012-Ohio-3979, ¶ 17 (2d Dist.) ("when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available"). A direct appeal is appropriate when the alleged defect of the judgment is apparent from the record, while a Civ.R. 60(B) motion should be used to seek relief where the error cannot be demonstrated

from the record. *Deutsche Bank Trust Co. Americas v. Ziegler*, 2015-Ohio-1586, ¶ 56 (2d Dist.).

**{¶12}** Keen, in raising arguments about the terms of the divorce decree, impermissibly turned to a Civil Rule 60(B) motion as a substitute for a direct appeal. Any alleged defect in the divorce decree must have been brought on a direct appeal, and Keen may not now challenge the decree under the guise of a Civ.R. 60(B) motion. Keen's arguments about the division of the marital property, the location of his personal property, and the allocation of parental rights, therefore, do not constitute a proper basis for relief under a Civ.R. 60(B) motion.

**{¶13}** Keen is also not entitled to Civ.R. 60(B)(5) relief for a claim of ineffective assistance of counsel. No constitutional right to representation exists in a civil case between individual litigants. *Roth v. Roth*, 65 Ohio App.3d 768, 776 (6th Dist. 1989). Further, our court has long held that the "remedy for alleged attorney incompetence or misconduct is an action for malpractice, and Civil Rule 60(B)(5) is not to be used as a substitute for a malpractice action." *Tarullo*, 2018-Ohio-3378, at ¶ 27 (5th Dist.), citing *Jenkins v. Jenkins*, 2010-Ohio-1184, ¶ 17 (5th Dist.); *WM Specialty Mtge. v. Mack*, 2009-Ohio-2590, ¶ 32 (5th Dist.) (finding that the inaction of appellant's trial counsel in failing to respond to a motion for summary judgment or raise a contract defense was not the "extraordinary circumstance" to which Civ.R. 60(B)(5) may apply and that the appropriate remedy was "against the attorney in a suit for malpractice"). *See also Roth* at 776 ("any complaint of ineffective assistance of counsel may only be resolved in a malpractice action").

**{¶14}** Because Keen failed to demonstrate that he had grounds for relief under Civ.R. 60(B)(5), we find it unnecessary to conduct an analysis of that motion's timeliness and whether Keen presented a meritorious claim or defense. Keen's first assignment of error is overruled.

**{¶15}** As for Keen's allegation that the trial court abused its discretion by denying his motion because it was filed roughly 18 months after the October 2023 divorce decree was issued, Keen misunderstands that portion of the trial court's entry. The trial court noted that Keen was attempting in his motion to introduce evidence that should have been introduced at the October 2023 divorce hearing. In our view, the trial court seemed to be stating that even if it viewed that portion of Keen's motion as a request for a new trial based on newly discovered evidence, Keen would not have been entitled to that relief, either. The court reasoned that many months had passed since the decree was issued, and Keen's evidence was "clearly available and known" to him when the divorce hearing was held. Keen's second assignment of error is overruled.

### Keen Was Not Entitled to a Hearing on His 60(B) Motion

**{¶16}** Keen argues in his third assignment of error that the trial court erred by denying his motion without first holding an evidentiary hearing. We disagree.

**{¶17}** Keen was entitled to an evidentiary hearing before the denial of his motion "*only if* the motion or supportive affidavits contain[ed] allegations of operative facts which would warrant relief under Civ.R. 60(B)." *Boster v. C&M Servs.*, 93 Ohio App.3d 523, 526 (10th Dist. 1994) (emphasis in original); *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996) ("the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would

warrant relief from judgment"). Though Keen was not required to support his motion with evidentiary materials, he must have done more than simply make bare allegations that he was entitled to relief. *Monaco v. Monaco*, 2023-Ohio-1869, ¶ 30 (5th Dist.).

**{¶18}** The single affidavit that Keen executed and attached to his motion did not set forth any operative facts that would entitle him to relief under Civ.R. 60(B). As explained above, Keen did not have, nor did his affidavit set forth, sufficient grounds for relief under Civ.R. 60(B)(5). Keen's affidavit — which merely repeats the legal arguments that he made in his Civ.R. 60(B) motion — mainly attacked the terms of the divorce decree and detailed his grievances regarding his conviction in a criminal case that, in our view, has no bearing on the divorce case underlying this appeal.

**{¶19}** The trial court did not abuse its discretion by denying Keen's motion without first holding an evidentiary hearing, and Keen's third assignment of error is overruled.

## Keen's Argument Regarding Improper Service Is Not Properly Before Our Court

**{¶20}** Keen argues in his final assignment of error that the divorce-decree judgment is void because he did not receive proper service of the complaint and summons.

**{¶21}** Keen did not make an argument in his Civ.R. 60(B) motion regarding improper service, and it is well-established that "'a party cannot raise any new issues or legal theories for the first time on appeal.'" *Walcutt v. Greer*, 2024-Ohio-2094, ¶ 21 (5th Dist.), quoting *Carrico v. Drake Constr.*, 2006-Ohio-3138, ¶ 37 (5th Dist.); *see also Bracken v. Hunter*, 2003-Ohio-5949, ¶ 8 (10th Dist.) ("defendants' argument regarding service of process may not be raised for the first time on appeal"). Keen's fourth assignment of error is overruled.

**{¶22}** For the reasons explained above, the judgment of the Domestic Relations Division of the Muskingum County Court of Common Pleas is affirmed.  Costs are to be paid by Appellant Nathen Keen.

By: Gormley, J.;

Hoffman, P.J. and

Popham, J. concur.